STATE OF CONNECTICUT *v.* SHAWN BOULIER
(AC 23300)

Schaller, West and Hennessy, Js.

---

Argued October 29, 2003—officially released March 9, 2004

*David V. DeRosa*, special public defender, for the appellant (defendant).

*Rita M. Shair*, senior assistant state's attorney, with whom were *James E. Thomas*, state's attorney, and, on the brief, *Vicki Melchiorre*, senior assistant state's attorney, for the appellee (state).

*Opinion*

WEST, J. The defendant, Shawn Boulier, appeals from the judgment of conviction, rendered after a jury trial, of robbery in the first degree in violation of General Statutes § 53a-134 (a) (2), interfering with an officer in violation of General Statutes § 53a-167a and carrying a dangerous weapon in violation of General Statutes § 53-206. The defendant was advised by the state prior to jury selection that the state would seek a sentence enhancement, pursuant to General Statutes § 53-202k, if he was convicted of a class A, B or C felony. On appeal, the defendant claims that (1) this court should create a presumption of prosecutorial vindictiveness when the state seeks a sentence enhancement pursuant to § 53-202k after the defendant elects to have a jury trial or, in the alternative, on the basis of the facts of this case, this court should find actual vindictiveness, (2) his constitutional right to be informed of the nature and cause of the charges against him was violated, and (3) he was deprived of his constitutional right to a jury trial. We disagree and affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On May 5, 2001, the defendant entered a convenience store in East Hartford. He pointed a gun at the owner of the store and demanded that he open the cash register. The defendant took all the money from the register and left the store. The next morning, the defendant returned to the store. The owner offered him coffee and, when he left the room, immediately called the police. When the defendant heard police sirens, he ran away. He was chased by five officers, who eventually,

with the assistance of a police dog and pepper spray, forced the defendant to surrender while he attempted to hide beneath a car.

The defendant was charged with robbery in the first degree, interfering with an officer and carrying a dangerous weapon. The court offered the defendant a plea bargain of twelve years in prison, execution suspended after four years, with five years probation. The defendant rejected the offer and elected to have a jury trial. On April 2, 2002, the defendant was notified that the state would seek a sentence enhancement pursuant to § 53-202k if he was convicted of a class A, B or C felony.

On April 5, 2002, the defendant's trial began. During cross-examination, the defendant answered the prosecutor's questions, stating that he had gone to the store on the date in question, had a gun with him, knew it had bullets in it, pointed it at the store owner, took money from the cash register, used the money to buy drugs, went back to the store the next day with the gun, ran away when he heard sirens, ran from the police, ignored their orders to stop, was not under the influence of narcotics at that time, was arrested and advised of his constitutional rights and gave a statement to the police admitting his involvement in the crime.

The jury found the defendant guilty as charged of the crimes of robbery in the first degree, interfering with an officer and carrying a dangerous weapon. Because the state sought a sentence enhancement pursuant to § 53-202k, the court issued a written interrogatory to the jury, which asked whether it had unanimously found, beyond a reasonable doubt, that during the commission of the crime of robbery in the first degree, the defendant had displayed a firearm. The jury answered in the affirmative. The defendant received an eighteen year sentence, including a five year mandatory sentence

pursuant to General Statutes § 53a-35a,[1] a five year mandatory sentence pursuant to § 53-202k[2] and eight years special parole. The defendant now appeals.

I

The defendant first proposes that when the state seeks a sentence enhancement pursuant to § 53-202k after the defendant elects to have a jury trial, without stating its reasons for doing so on the record, we should presume prosecutorial vindictiveness. In the alternative, the defendant claims that on the basis of the facts of this case, this court should conclude that there was actual vindictiveness on the part of the state. Although the claim was not preserved at trial, we review it pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), because we find the record adequate for such review and the claim to be of constitutional magnitude.[3]

---

[1] General Statutes § 53a-35a requires that the mandatory sentence for a conviction under General Statutes § 53a-134 (a) (2) shall be not less than five years nor more than twenty years imprisonment.

[2] General Statutes § 53-202k provides: "Any person who commits any class A, B or C felony and in the commission of such felony uses, or is armed with and threatens the use of, or displays, or represents by his words or conduct that he possesses any firearm, as defined in section 53a-3, except an assault weapon, as defined in section 53-202a, shall be imprisoned for a term of five years, which shall not be suspended or reduced and shall be in addition and consecutive to any term of imprisonment imposed for conviction of such felony."

[3] Pursuant to *State* v. *Golding*, supra, 213 Conn. 239–40, "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail. The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances." (Emphasis in original.)

In light of *United States* v. *Goodwin,* 457 U.S. 368, 102 S. Ct. 2485, 73 L. Ed. 2d 74 (1982), we decline to adopt the bright line rule proposed by the defendant. In that case, the defendant was charged with several misdemeanor and petty offenses. Although the defendant initiated plea negotiations with the government, he later decided that he did not want to plead guilty and elected to have a jury trial. Id., 371. The government subsequently filed additional charges, including one felony count and three other related counts resulting from the same incident. Id. On appeal, the United States Supreme Court held that a presumption of prosecutorial vindictiveness was not warranted. The court rationalized that "[a] prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution." Id., 382. "[T]he mere fact that a defendant refuses to plead guilty and forces the government to prove its case is insufficient to warrant a presumption that subsequent changes in the charging decision are unjustified." Id., 382–83. "[A] mere opportunity for vindictiveness is insufficient to justify the imposition of a prophylactic rule. . . . [T]he Due Process Clause is not offended by all possibilities of increased punishment . . . but only by those that pose a realistic likelihood of vindictiveness. . . . The possibility that a prosecutor would respond to a defendant's pretrial demand for a jury trial by bringing charges not in the public interest that could be explained only as a penalty imposed on the defendant is so *unlikely* that a presumption of vindictiveness certainly is not warranted." (Citation omitted; emphasis in original; internal quotation marks omitted.) Id., 384.

The defendant has failed to convince this court that the facts of his case fall anywhere but squarely within the borders of *Goodwin.* Although the defendant argues that the facts of his case demonstrate vindictiveness

because the state sought to impose an additional penalty rather than a more serious charge, we disagree. We decline the opportunity to distinguish an additional felony charge from a sentence enhancement for purposes of a bright line test for vindictiveness.

If the defendant is to succeed "where the presumption does not apply, the defendant must affirmatively prove actual vindictiveness." *Wasman* v. *United States*, 468 U.S. 559, 569, 104 S. Ct. 3217, 82 L. Ed. 2d 424 (1984); *Connelly* v. *Commissioner of Correction*, 258 Conn. 374, 384, 780 A.2d 890 (2001). The defendant argues that because the sentence enhancement is a legislatively mandated increase in the penalty he will face at sentencing rather than just an additional charge that the state will have to prove, and because there was nothing that the state learned after the unsuccessful plea bargaining to justify the additional term of incarceration under the sentence enhancement statute, a conclusion of actual vindictiveness is warranted in this case. We disagree in light of the fact that "under [*Bordenkircher* v. *Hayes*, 434 U.S. 357, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978)], a prosecutor engaged in plea negotiations with the defendant lawfully may file additional charges *and seek a greater sentence* if the defendant does not accept the state's offer." (Emphasis added.) *State* v. *Revelo*, 256 Conn. 494, 514, 775 A.2d 260, cert. denied, 534 U.S. 1052, 122 S. Ct. 639, 151 L. Ed. 2d 558 (2001). Accordingly, there is no basis to conclude that the state acted with actual vindictiveness toward the defendant. The defendant's claim fails to satisfy the third prong of *Golding* because the alleged constitutional violation does not clearly exist and did not clearly deprive the defendant of a fair trial.

II

The defendant next alleges a violation of his sixth amendment right to be informed of the nature and cause

of the accusations against him because he was not informed until the first day of jury selection that the state would seek a sentence enhancement if he was convicted of a class A, B or C felony.[4] Although the claim was not preserved at trial, we review it pursuant to *State* v. *Golding*, supra, 213 Conn. 239–40, because we find the record adequate for such review and the claim to be of constitutional magnitude.

"[T]he sixth amendment to the United States constitution . . . guarantee[s] a criminal defendant the right to be informed of the nature of the charge against him with sufficient precision to enable him to *prepare his defense* and to *avoid prejudicial surprise*, and . . . to enable him to plead his acquittal or conviction in bar of any future prosecution for the same offense . . . ." (Emphasis added; internal quotation marks omitted.) *State* v. *Wilson*, 71 Conn. App. 110, 115, 800 A.2d 653, cert. denied, 262 Conn. 905, 810 A.2d 272 (2002).

In this case, the defendant was informed adequately of the nature and cause of the charges against him. In his brief to this court, the defendant conceded that the state was required to prove only the same essential facts to secure a sentence enhancement as it was required to prove to secure a conviction for robbery in the first degree. Because the defendant was aware of the robbery charge, he was able to prepare intelligently to defend himself on each of the essential elements of both that charge and the potential sentence enhancement. As such, the defendant was not faced with any prejudicial surprise by not being informed of the state's intent to

---

[4] The defendant also claims to have suffered a violation of his rights under article first, § 8, of the constitution of Connecticut, which also affords an accused the "right . . . to be informed of the nature and cause of the accusation . . . ." Because the defendant has not provided us with any independent analysis of his state constitutional claim, we limit our review to his federal constitutional claim. See *State* v. *Tomlin*, 266 Conn. 608, 615 n.5, 835 A.2d 12 (2003).

seek a sentence enhancement until the first day of jury selection. That rationale is supported by the fact that when given notice of the state's intent to seek a sentence enhancement, the defendant did not seek a continuance of his trial. We conclude that his claim fails under the third prong of *Golding* because the alleged constitutional violation does not clearly exist and did not clearly deprive the defendant of a fair trial.

In the alternative, the defendant argues that even if his constitutional right to notice was not violated, the state violated Practice Book §§ 36-11 and 37-10 as well as his common-law rights by informing him three days before trial that it would seek a sentence enhancement. We do not address that argument because it is not of constitutional magnitude and therefore fails to satisfy the second prong of *Golding*. Although the defendant requests plain error review of his claim, we conclude that such review is not warranted on that issue.[5]

## III

The defendant next claims that his sixth amendment right to a jury trial was violated.[6] Although that claim was not preserved at trial, we review it pursuant to *State* v. *Golding*, supra, 213 Conn. 239–40, because we find the record adequate for such review and the claim to be of constitutional magnitude.

---

[5] "To prevail under the plain error doctrine, the defendant must demonstrate that the claimed error is both so clear and so harmful that a failure to reverse the judgment would result in manifest injustice. . . . This doctrine is not implicated and review of the claimed error is not undertaken unless the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *State* v. *Hooks*, 80 Conn. App. 75, 86, 832 A.2d 690, cert. denied, 267 Conn. 908, 840 A.2d 1171 (2003).

[6] The defendant also claims to have suffered a violation of his rights under article first, § 8, of the constitution of Connecticut. Because the defendant has not provided us with any independent analysis of his state constitutional claim, we limit our review to his federal constitutional claim. See *State* v. *Tomlin*, supra, 266 Conn. 615 n.5.

## A

The defendant first argues that he was deprived of his right to a jury trial because the court did not notify the jury of the state's intention to seek a sentence enhancement and did not explain to the jury that its findings could result in a sentence enhancement. We disagree.

The defendant elected to have a jury trial and, indeed, his election was honored. The jury, rather than the court, made findings of fact with regard to both elements of § 53-202k, namely, (1) the jury found the defendant guilty of robbery in the first degree, a class B felony, and (2) the jury found that the defendant had displayed a firearm during the commission of that felony. Although it is the jury rather than the court that is required to *find the facts* pertaining to a violation of § 53-202k; *State* v. *Rivera*, 74 Conn. App. 129, 153, 810 A.2d 824 (2002); neither this court nor our Supreme Court has ever held, nor do we hold now, that a defendant has a constitutional right to have the jury *be informed of the consequences* of its finding. The fact that the state sought to enhance the defendant's sentence is one that properly played no role in the jury's findings of fact regarding the two essential elements of § 53-202k.

## B

The defendant next argues that he was denied his right to a jury trial because the jury did not make the decision as to whether his sentence should be enhanced.

It is the court rather than the jury that the legislature has designated to impose sentences on criminal defendants. See General Statutes § 54-92. We are not authorized to transfer the sentencing power to the jury.

## C

Finally, the defendant argues that he was deprived of his right to a jury trial because sentence enhancement pursuant to § 53-202k should have been treated as an "essential element" of the statute and, accordingly, the state should have been required to prove to the jury, in addition to the other two elements of that statute, that the length of his incarceration should have been increased.

"The term element means any fact that the *legislature* has deemed essential to the commission of the crime." (Emphasis added; internal quotation marks omitted.) *State* v. *McColl,* 74 Conn. App. 545, 570, 813 A.2d 107, cert. denied, 262 Conn. 953, 818 A.2d 782 (2003). It is not for this court to add additional elements to the General Statutes enacted by the legislature. The state proved to the jury beyond a reasonable doubt that the two elements of § 53-202k were satisfied and, as such, its burden of proof was satisfied. Accordingly, the defendant has failed to convince this court that he was deprived of his constitutional right to a jury trial. Because the alleged constitutional violation does not clearly exist and did not clearly deprive the defendant of a fair trial, we conclude that he has failed to satisfy the third prong of *Golding.*

The judgment is affirmed.

In this opinion the other judges concurred.